UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>       v.<br><br>SIMON R. MITCHELL,<br><br>            Defendant. | CASE NO. C21-141 MJP<br><br>ORDER GRANTING MOTION TO CERTIFY ISSUES TO THE WASHINGTON SUPREME COURT |

This matter is before the Court on Defendant's motion to certify issues to the Washington Supreme Court (Dkt. No. 23). Having considered the motion, the response, (Dkt. No. 31), and the reply, (Dkt. No. 32), the Court finds issues of Washington law necessary to dispose of this proceeding have not been "clearly determined." See Wash. Rev. Code § 2.60.020. The Court GRANTS the motion and CERTIFIES the following question to the Washington Supreme Court:

> Washington requires group life-insurance policies to include a clause that the policy may not be contested, except for nonpayment of premiums, after it has been in force for two years. Wash. Rev. Code § 48.24.120. If a policy contains such an incontestability clause and those two years have passed, can an insurer nevertheless obtain a declaratory judgment that the policy is void because (1) it was obtained by fraud by an imposter of the insured; (2) the insured lacked capacity to enter into a contract at the time it was

purportedly made; or (3) the named beneficiary lacks an insurable interest in the life of the insured?

The Court also STAYS this proceeding pending a decision by the Washington Supreme Court and STRIKES the trial date and all deadlines.

The Court ORDERS the Parties to file the record with the Washington Supreme Court within 30 days. As the moving party, Defendant shall file and serve its brief with the Washington Supreme Court within 30 days of the filing of the record. Wash. Rev. Code § 2.60.030(4). Plaintiff shall then file and serve its brief within 20 days of receipt of Defendant's brief, and Defendant shall file its brief within 10 days thereafter. Wash. Rev. Code § 2.60.030(4). The Parties are further ORDERED to submit a joint status report to the Court within 30 days of the Washington Supreme Court's decision on the certified question with a proposed plan for what issues, if any, remain to be decided in this proceeding.

**Background**

Plaintiff New York Life Insurance Co. filed this action seeking a declaratory judgment that life-insurance policies it issued are invalid because of (1) fraud, (2) the insured's incapacity, or (3) the beneficiary's lack of an insurable interest. Plaintiff also sought to invalidate a rider to one of the policies due to material misrepresentations. Defendant Simon Mitchell was the named beneficiary. He raised a counterclaim for benefits under the policies and argues New York Life is barred from challenging the validity of the policy due to a statutorily required incontestability clause but has dropped all claims under the rider.

Plaintiff issued two life-insurance policies to Lorenzo Mitchell of $100,000 each naming Simon Mitchell as one-hundred percent beneficiary. (Dkt. No. 1 ("Complaint") ¶ 9; Dkt. No. 12 ("Answer") ¶ 9.) There is no dispute that the incontestability period for the policies has passed: the policies had insurance dates of June 15, 2015 and June 23, 2015, and Lorenzo Mitchell

passed away on January 2, 2019. (Compl. ¶ 13; Answer ¶ 13.) Plaintiff has not alleged nonpayment of premiums.

Like most states, Washington requires group life insurance policies to include a clause that the policy is incontestable two years after it has been in force except for nonpayment of premiums:

> There shall be a provision that the validity of the policy shall not be contested, except for nonpayment of premiums, after it has been in force for two years from its date of issue; and that no statement made by an individual insured under the policy relating to his or her insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two years during such individual's lifetime nor unless it is contained in a written instrument signed by him [or her].

Wash. Rev. Code § 48.24.120. The policies here include the following incontestability clause:

> Except for nonpayment of premiums, we [the insurer] cannot contest the validity of the insurance or reinstated insurance after it has been in force for two years during the insured's lifetime from: (1) the insurance date, and (2) the date the insurance is reinstated, if applicable. To contest, we will only rely on upon statements signed by the owner in applying for such insurance. A copy of all statements must be furnished to the owner or to the beneficiary. Such statements are representations, not warranties.

(Dkt. No. 12 ("Counterclaim") ¶ 2; Dkt. No. 15 ("Answer to Counterclaim") ¶ 2.)

Despite the incontestability clause, Plaintiff declined coverage, alleging that someone other than the insured signed the applications for the policies, that the insured lacked capacity to contract, and that Defendant lacked an insurable interest in the life of the insured. (Compl. ¶ 49.) Defendant disputes Plaintiff's allegations and seeks an order finding that Plaintiff breached the contracts and awarding $200,000 in benefits under the policies and attorney fees.

Defendant moved for summary judgment, (Dkt. Nos. 18, 19, 20), and for a protective order and a stay of discovery, stating that he would withdraw all claims and accept return of the premiums if the Court rules against him on the incontestability clause, (Dkt. Nos. 21, 22, 24). He then brought the instant motion. (Dkt. No. 23.) Plaintiff opposes all motions. (Dkt. Nos. 25,

28, 31.) In opposition to the summary judgment motion, Plaintiff seeks a continuance under Rule 56(d) so that it can complete discovery on its fraud and insurable-interest defenses to coverage. (Dkt. Nos. 25–27.) Plaintiff also asks the Court to delay decision on this motion for the same reason. (Dkt. No. 31.) Because the Court grants the motion to certify, it need not decide the other pending motions at this time. In addition, because the issues on certification are solely legal ones that turn on the enforceability of the incontestability clause, the Court declines Plaintiff's request to delay the decision to complete discovery.

**Discussion**

The Court may certify a question to the Washington Supreme Court if it is the Court's opinion that ascertaining local law is necessary to dispose of the proceeding and local law has not been "clearly determined." Wash. Rev. Code § 2.60.020. Certification is within the Court's discretion. Murray v. BEJ Mins., LLC, 924 F.3d 1070, 1071 (9th Cir. 2019) (citing Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974)). Factors the Court considers include: "(1) whether the question presents important public policy ramifications yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) the spirit of comity and federalism." Murray, 924 F.3d at 1072. Of course, the Court is not required to certify an issue just because a state's highest court has not yet decided it. Judd v. Weinstein, 967 F.3d 952, 955–56 (9th Cir. 2020). At the same time, when unsettled state-law questions "present significant issues with important public policy ramifications, it may be appropriate to certify those questions to the state court as a matter of deference to the state court on significant state law matters." Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir. 2011) (cleaned up).

Plaintiff seeks a declaration that the policies here are void for three alleged reasons: (1) fraud, because someone other than the insured completed the application form; (2) lack of capacity, because the insured lacked capacity to enter into a contract for life insurance; and/or (3) the policy was taken out by someone other than the insured and Defendant lacks an insurable interest in the life of the insured.  Plaintiff contends that the incontestability clause does not bar its challenge because the policies are void ab initio—i.e., there is no policy to enforce.

These issues present important public-policy considerations.  The interests of insured and beneficiary in security of coverage are reflected in the requirement that all policies contain an incontestability clause, which operates like a statute of limitations.  "The clause is intended to protect an insured's beneficiary from having to refute the insurer's defenses, primarily those based on applicant misrepresentation, years after the application was approved and after the insured, who had paid the premiums dutifully during those years, is no longer available to explain his application answers."  2 Harnett & Lesnick, THE LAW OF LIFE AND HEALTH INSURANCE § 5.07 (Matthew Bender, rev. ed. 2020).  The short length of the incontestability period incentivizes the insurer to promptly investigate policies and notify the insured so that any challenge to the policy takes place when the insured is still alive, evidence is available, and changes can be made or other coverage purchased.  See COUCH ON INSURANCE § 240:5.

Of course, there are other policy considerations reflected in Washington's regulation of life insurance, such as the integrity of life insurance generally.  A person must have legal capacity to enter into a life-insurance contract.  See Wash. Rev. Code § 48.18.030(1).  In addition, if someone other than the insured takes out the policy, the beneficiary must have an "insurable interest" in the life of the insured: "A person may not insure the life or body of another individual unless the benefits under the contract are payable to the individual insured or

the individual's personal representative, or to a person having, at the time when the contract was made, an insurable interest in the individual insured." Id.  An insurable interest includes, among other relationships:

> (i) In the case of individuals related closely by blood or by law, a substantial interest engendered by love and affection; and
>
> (ii) In the case of other persons, a lawful and substantial economic interest in having the life, health, or bodily safety of the individual insured continue, as distinguished from an interest that would arise only by, or would be enhanced in value by, the death, disability, or injury of the individual insured.

Wash. Rev. Code § 48.18.030(3)(a).

There is no controlling precedent on these issues.  The two Washington Supreme Court decisions most on point are from the 1930s.  Millis v. Cont'l Life Ins. Co. supports Defendant's interpretation but does not compel it.  162 Wash. 555, 563 (1931).  The Court recognized a general rule that a life-insurance policy "containing a clause declaring that the contract shall be incontestable after a specified time cannot be contested after that period on any ground not excepted therein." Id. at 563.  The issue was whether an exception in the incontestability clause of a disability-insurance policy permitted the insurer's contest; the Court found that it did.  Id. at 556 & 564.  Similarly, in Pac. Mut. Life Ins. Co. of California v. Fishback, the Court reasoned that an incontestability clause means "that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken." 171 Wash. 244, 248 (1933).  As in Millis, the Court did not directly address the issues here, nor did its decision depend on them; the Court permitted an insurer to include a rider limiting coverage because it was not inconsistent with the incontestability clause.

That states have decided the present issues differently, and that other federal courts have certified similar issues, support certification here.  For example, states have split over whether an

insurer can contest a policy due to lack of an insurable interest even after the incontestability period has run.  These decisions recognize competing policies: on one hand, the lack of insurable interest goes to the heart of a policy's validity under a state's public policy; on the other, facts necessary to determining whether an insurable interest exists are discoverable to an insurer acting within the contestability period.  One treatise describes states permitting an insurer to contest on this basis as being in the majority, but most of the supporting authority is old.  See COUCH ON INSURANCE § 240:82 (out of fifteen citations, eleven were to decisions dated from 1898 to 1942 and only four were from the past forty years); see also PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Tr., ex rel. Christiana Bank & Tr. Co., 28 A.3d 1059, 1067 n.18 (Del. 2011) (citing ten cases in support, all before 1950).

While principles of statutory construction guide these decisions, the policies governing interpretation of insurance contracts may make more of a difference.  To illustrate, consider that Washington's incontestability statute, like other states, requires the clause to prohibit contests two years after the policy has been "in force."  Construing that phrase, the Delaware Supreme Court, answering a certified question, held an incontestability clause was premised on the formation of a valid contract, which could not exist without an insurable interest.  Id. at 1066–67. But the Florida Supreme Court, also answering a certified question, reached the opposite conclusion.  Wells Fargo Bank, N.A. v. Pruco Life Ins. Co., 200 So. 3d 1202, 1206 (Fla. 2016). See also PHL Variable Ins. Co. v. Bank of Utah, 780 F.3d 863, 871 (8th Cir. 2015) (predicting Minnesota Supreme Court would hold that an incontestability clause bars an insurer's challenge for lack of insurable interest: "To declare that a facially valid policy on which [the insurer] collected substantial premiums for over four years was never 'in force' is simply a fiction."). "It would appear that differing views on public policy is the most likely way to reconcile these two

lines of cases, especially policy regarding the requirement that the insurer confirm insurability in advance of the issuance of the policy or during the incontestability period." COUCH ON INSURANCE § 240:82.

Of the three, fraud may be the least complicated. A parallel statute requiring incontestability clauses for disability insurance permits an insurer to void the policy for fraudulent misstatements on the application even after the two-year incontestability period runs. Wash. Rev. Code. § 48.20.052. If the legislature wanted a fraud exception for life insurance policies, it could have included one. Instead, it specified only nonpayment of premiums. This indicates that the incontestability statute for life-insurance policies should be interpreted to bar contests based on fraud. See also WILLISTON ON CONTRACTS § 49:99 ("fraud is one of the defenses most frequently alleged by the insurer, but generally to no avail, unless 'fraudulent misrepresentation' is expressly excepted from the scope of the incontestability clause"). So, for example, in answering a certified question, the Massachusetts Supreme Court held an incontestability clause that included a fraud exception was contrary to the state's incontestability statute, which—like Washington's—did not provide for such an exception. Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 629, 682 N.E.2d 624, 633 (1997). It may be that Washington courts take the same approach, following these principles. However, considering this issue is of a piece with the others, has not yet been decided, and involves similar policy concerns, it should be for Washington courts to decide.

In short, these are the kinds of issues that are appropriate for certification: there is no controlling precedent on them, they involve policy judgments other states have decided differently, and federal courts have certified similar questions to other state courts. See, e.g., Sun Life Assurance Co. of Canada v. Wells Fargo Bank NA, 2018 WL 5303551, at *4 (3d Cir. Jan.

30, 2018) (certifying questions to the Supreme Court of New Jersey, which was a more appropriate forum for deciding whether a life-insurance policy intended to benefit someone without an insurable interest violates the state's public policy and, if so, whether such policy was void ab initio). For these reasons, the Court finds these unsettled issues of Washington law merit certification. This proceeding is STAYED pending a decision by the Washington Supreme Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 20, 2021.

Marsha J. Pechman
United States Senior District Judge